## SHAW & ZUNTZ v. ANDREW KNOX.

Payments made by a factor of debts due by his principal, are considered as money advanced by the factor and without a subrogation to the rights of the creditor, the factor cannot claim any privilege arising from the nature of the debts thus paid.

The terms "necessary supplies" furnished to a plantation, include such supplies only as are essential to the subsistence and management of the plantation.

Factors who have furnished supplies to a plantation, as regards creditors having an equal privilege with themselves, can only claim a ratable proportion of the proceeds of the whole crop.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J.

*C. Roselius* and *J. Vanmaitre,* for plaintiffs and appellees. *Chilton & Harrison,* for defendants.

LEA, J. The plaintiffs in this case have sued for the recovery of $13,531 80, being a balance due for supplies alleged to have been furnished for the use of the plantation of the defendant, and for advances made upon his crop during the years 1854 and 1855. For the purpose of enforcing the privilege which they claim, they have caused to be sequestered forty hogsheads of sugar and one hundred and fifty barrels of molasses, consigned to *Geo. M. Pinkard & Co.*

*C. W. Muncaster, Geo. M. Pinckard & Co.* and other creditors, including the overseer on *Knox's* plantation, have intervened in this litigation, claiming privileges superior to that of the plaintiffs upon the property sequestered. The indebtedness of the defendant is not disputed. The only issue between the parties is that which has reference to the conflict of privileges, and in determining this issue, our inquiry is restricted to an examination of the plaintiffs' claim, as they have not, by an answer to the appeal, asked for any change of the judgment in their favor. By the 3184th Article of the Civil Code, a privilege is given upon the planter's crop to those who have "*furnished necessary supplies to any farm or plantation.*"

There is no other Article of the Code under which the plaintiffs can assert a privilege. The *payments* made by them for debts due by *Knox,* even though they may have been contracted for supplies, can be considered only as so much money advanced, and this remark will apply as well to payments made for labor and for the price of machinery furnished to the plantation, as to payments made to furnishers of supplies. Subrogation by operation of law does not take place in favor of one who pays a privileged debt in the absence of any legal obligation so to do, and it is not pretended that the plaintiffs have acquired any rights by conventional subrogation. Nor are they entitled to any privilege as factors who have made advances. The privilege conferred by the 3214th Article of the Civil Code, operates only in favor of consignees, upon goods consigned to them.

The privilege of the plaintiffs is therefore restricted to "*necessary* supplies furnished by them" to the plantation, and this term we consider as intended to include such supplies only as are essential to the subsistence and management of the plantation. Tested by this rule, that portion of the claim sued upon, which would under any circumstances be entitled to a privilege, would be reduced to an amount even less than the balance shown to be due by the account marked C. It is unnecessary however to scrutinize this account in detail, as even admitting all the items charged to have been for "*plantation supplies,*"

6

the amount (i. e. $2940 92) falls far short of the proceeds of the crops received by the plaintiffs, upon which they are entitled to a privilege. It appears from the credits allowed in the plaintiffs' account, that the proceeds of sales of sugar, subject alike to the privileges of the plaintiffs and of the intervenors, amount to $9279, but this amount was subject to the superior privilege of *Prigge*, the overseer, and to the concurrent privilege of *Muncaster* for slave hire, and of *Felt & Reid* and *G. M. Pinckard & Co.*, for supplies.

It is true this amount has been credited generally in the plaintiffs' account, no special imputation of payment having been made; and as between the plaintiffs and the defendant probably such a general credit cannot be disturbed: but the plaintiffs are now seeking to assert a privilege upon property in the hands of the intervenors, upon which these intervenors have a concurrent privilege with themselves, and the question is not whether the imputation can be disturbed, but whether they (the plaintiffs) can be permitted to receive a larger distributive share in the proceeds of the property seized, than they would have been entitled to receive had the whole fund arising from the sale of the crop been applied ratably to the payment of all the priviledged claims.

If the plaintiffs have already received more than their proportionate share of a fund upon which the intervenors have a common privilege with themselves, they cannot interfere with the distribution of that portion in the hands of the intervenors, except for the purpose of claiming a pro rata distribution of the whole fund, including that which they have themselves received; but as they have already received more than enough to satisfy the whole of their privileged claim, it is impossible that they can receive a larger amount upon a ratable distribution.

We would remark again that the appellees not having appealed from the judgment of the court, nor filed an answer to the appeal taken by the appellants, we could not, even if the testimony justified the change, make any alteration in the judgment to the *prejudice* of the appellants. The only enquiry which is admissible, as the case is presented to us, being whether the plaintiffs can, under the circumstances, claim a privilege upon the property sequestered to the *prejudice* of the intervening creditors who have also a privilege. But although the rights of the intervening creditors having a privilege upon the property sequestered, cannot be destroyed so far as that property or its proceeds are affected, the imputation of payment would nevertheless not be without effect as to ordinary creditors. In other words, although under the peculiar state of the pleadings and evidence in this case, the plaintiffs can, as against the *recognized privileged creditors*, claim only a ratable proportion of the whole of the proceeds of the crop subject to their privilege, they are not precluded from asserting *their privilege* as against *ordinary* creditors for the balance remaining due to them as furnishers of supplies. For this purpose, it may be necessary to consider the effect of the general credit by which the proceeds of sales are imputed equally to the liquidation of the entire indebtedness of the defendant to the plantiffs. The indebtedness for supplies having been ascertained, it becomes a mere matter of calculation to determine the proportion of the *privileged* claim of the plaintiffs remaining unliquidated.

The total indebtedness of the defendant to the plaintiffs amounted to $23,617 27 cts., which has been reduced by payments imputed generally upon the whole indebtedness, to the sum of $13,531 80. An examination of the items for supplies furnished has satisfied us that the total indebtedness of this character did

not exceed $2903 82, which, by a ratable imputation of the credits allowed, would be reduced to $1672 40. For the payment of this balance thus ascertained, the plaintiffs are entitled to a privilege and priority upon the proceeds of the property sequestered, over the ordinary creditors, and for the balance of their claim remaining unpaid they are entitled to rank as ordinary creditors.

SHAW *v.* KNOX.

It is ordered that the judgment appealed from be amended and that the proceeds of the property sequestered herein be distributed among the several creditors in the following order, viz :

| | | | |
|---|---|---|---|
| 1st. | Clerk's and Sheriff's fees | | ...... |
| 2d. | *Adolphe Prigge* (overseer) | $223 | 00 |
| 3d. | *Felt & Reid* | 148 | 00 |
| | *C. W. Muncaster* | 650 | 00 |
| | *Geo. M. Pinckard & Co* | 300 | 00 |

The claims of the three last named creditors to be recognized as of equal rank for the respective sums attached to their names.

| | | |
|---|---|---|
| 4th. *Shaw & Zuntz* | $1,672 | 40 |

5th. It is further ordered that the following named parties be recognized as ordinary creditors of equal rank, for the following sums, to wit :

| | | |
|---|---|---|
| *Shaw & Zuntz* | $11,860 | 40 |
| *Felt & Reid* | 41 | 00 |
| *Brewer & Co.* | 57 | 00 |
| *Sampson & Keene* | 100 | 00 |
| *Bridge & Brother* | 165 | 00 |
| *Warner & Co.* | 60 | 00 |
| *S. T. Taylor* | 124 | 00 |

It is further ordered that the judgment appealed from, except so far as it is herein amended, be affirmed, and that the costs of this appeal be paid by the plaintiffs and appellees.

---

SAME CASE ON A RE-HEARING.

LEA, J. Our attention has been called, in the brief for a re-hearing, to a remark made in the decision that was rendered in this case, which requires correction.

In stating that " subrogation by operation of law does not take place in favor of one who pays a privileged debt in the absence of any legal obligation so to do," it was not intended to restrict in any manner the application of the Article 2157 of the Civil Code. The reading of the Article is plain and free from ambiguity. It was thought necessary, however, to refer only to such portion of the Article as might be considered applicable to the case at bar. Upon a review of the case, we see no reason to make any change in the judgment heretofore rendered. We do not consider payments made by a factor upon the order of a planter such payments as are contemplated in Article 2157 of the Code. They can be considered only as so much money advanced.

Re-hearing refused.